IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| OLA PROPERTIES, INC., ET AL., | § § § § | |
| Plaintiffs, | § | |
| VS. | § | NO. 4:07-CV-612-A |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | § § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

On May 5, 2008, defendant, United States Department of Housing and Urban Development, filed a motion to dismiss the above-captioned action for lack of subject matter jurisdiction. Though a response to such motion was due on May 27, 2008, plaintiffs, Ola Properties, Inc. and Afisu Olabimtan,[1] had not filed a response as of the signing of this order. Having considered the motion, the record, and applicable authorities, the court concludes that the motion to dismiss should be granted.

---

[1] The court notes that Ola Properties, Inc. may not be properly represented by counsel in this action. Afisu Olabimtan, owner of Ola Properties, Inc. is proceeding pro se. "The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel. . . . This is so even when the person seeking to represent the corporation is its president and major stockholder." In re K. M. A., Inc., 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). Afisu Olabimtan has made no indication that he is a licensed attorney, however, the court need not further consider this issue given its conclusion that it does not have subject matter jurisdiction to hear the action.

I.

Background

Plaintiffs filed a "Petition for Review" on October 15, 2007. Plaintiffs allege that in 1995, they purchased a multifamily dwelling located in Dallas, Texas; sought and received a mortgage insured by defendant in 1997; and reopened the apartments in the multifamily dwelling in 1998.

In 2003, defendant notified plaintiffs that it would seek civil monetary penalties from them based on their failure to submit proper annual financial statements for the fiscal years 1999 through 2003. On September 26, 2007, Camille T. Pierce ("Pierce"), defendant's "Secretarial Designee," Def.'s App. at 2, signed an order affirming certain previous orders entered by the administrative law judge. The September 26 order summarized the action as follows:

> On March 16, 2006, Administrative Law Judge ("ALJ") Constance T. O'Bryant issued an Order Granting, In Part, and Denying In Part, Government's Motion for Summary Judgment, finding that the [plaintiffs] violated 12 U.S.C. § 1735f-15(c)(1)(B) for the knowing and material failure to file audited financial statements in a timely manner for the fiscal years 1999, 2000, 2001, 2002, and 2003. On June 4, 2007, the ALJ issued an Order Granting Government's Motion for Supplemental Summary Judgment, in which she ordered . . . Ola Properties, Inc., to pay $70,000 in a civil money penalty, and . . . Afisu Olabimtan, personally as President of Ola Properties, Inc., $40,000.00, in a civil money penalty, for [plaintiff]s' liability that the ALJ found in her Order of March 16, 2006.

Id. at 1-2. In the instant action, plaintiffs seek review of defendant's September 26 order.

II.

Analysis

This court is one of "limited jurisdiction 'having only the authority endowed by the Constitution and that conferred by Congress.'" United States v. Hazlewood, ___ F.3d ___, 2008 WL 1931314, at *2 (5th Cir. 2008) (quoting Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir.1981)). Defendant argues that congress has specifically mapped a path for judicial review of the imposition of civil money penalties in actions like this one, and that such path for judicial review does not include proceedings in the district court. The court agrees.

Plaintiffs were found to have violated 12 U.S.C. § 1735f-15(c)(1)(B). Pursuant to § 1735f-15(d)(4), "[t]he Secretary's determination or order imposing a penalty under subsection (b) or (c) of this section shall not be subject to review, except as provided in subsection (e) of this section." Subsection (e) provides that:

> After exhausting all administrative remedies established by the Secretary under subsection (d)(1) of this section, an entity or person against whom the Secretary has imposed a civil money penalty under subsection (b) or (c) of this section may obtain a review of the penalty and such ancillary issues as may be addressed in the notice of determination to impose a penalty under subsection (d)(1)(A) of this section <u>in the appropriate court of appeals of the United States, by filing in such court</u>, within 20 days after the entry of such order or determination, a written petition praying that the Secretary's order or determination be modified or be set aside in whole or in part.

12 U.S.C. § 1735f-15(e)(1) (emphasis added). The United States District Court for the District of Columbia has explained that:

3

> Congress, acting within its constitutional powers, may freely choose the court in which judicial review may occur.[1] In the absence of a statute prescribing review in a particular court, "nonstatutory" review may be sought in district court under any applicable jurisdictional grant. If, however, there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies.

City of Rochester v. Bond, 603 F.2d 927, 931 (D.C. Cir. 1979) (footnote omitted). See also Gen. Fin. Corp. v. F.T.C., 700 F.2d 366, 368 (7th Cir. 1983) ("You may not bypass the specific method that Congress has provided for reviewing adverse agency action simply by suing the agency in federal district court under 1331 or 1337; the specific statutory method, if adequate, is exclusive.") (citing the Administrative Procedure Act); Frito-Lay, Inc. v. F.T.C., 380 F.2d 8, 10 (5th Cir. 1967) ("Where Congress has provided an adequate procedure for judicial review of administrative actions, that procedure must be followed. Only in extraordinary cases will parties be allowed to deviate from this statutory course and seek injunctive relief from the district court, short circuiting the administrative procedures.").

Insofar as plaintiffs seek review of the penalties imposed pursuant to 12 U.S.C. § 1735f-15(c)(1)(B), such review must be sought exclusively in the United States Court of Appeals for the Fifth Circuit. See 12 U.S.C. § 1735f-15(e)(1); Bond, 603 F.2d at 931. While this conclusion effectively puts an end to this case, the court notes that, in the September 26 order, Pierce advised

plaintiffs that "they are entitled to seek judicial review of this Order pursuant to 31 U.S.C. § 3805 . . . ." Def.'s App. at 2.[2] Chapter 38 relates to "Administrative Remedies for False Claims and Statements," and § 3805 provides for judicial review in certain instances. Specifically, "[a]ny person who has been determined to be liable under section 3802 of this title pursuant to section 3803 of this title may obtain review of such determination in [certain district courts]." 31 U.S.C. § 3805(b)(1)(A). Section 3802 imposes liability for the presentation or submission to the government of certain false, fictitious, or fraudulent claims. Nothing in the record before the court indicates that plaintiffs' liability was found to have been based in any respect on § 3802. Accordingly, the court is puzzled as to why Pierce would advise plaintiffs that they could seek judicial review pursuant to § 3805. It appears as though plaintiffs filed the instant action in this court because defendant advised them that such course of action would be

---

[2] Pierce also purported to affirm the ALJ's orders pursuant to 31 U.S.C. § 3803(i)(2)(C), which provides that:

> The authority head may affirm, reduce, reverse, compromise, remand, or settle any penalty or assessment determined by the presiding officer <u>pursuant to this section</u>. The authority head shall promptly send to each party to the appeal a copy of the decision of the authority head and a statement describing the right of any person <u>determined to be liable under section 3802 of this title</u> to judicial review under section 3805 of this title.

31 U.S.C. § 3803(i)(2)(C) (emphasis added). There is no indication that any penalties were assessed against plaintiffs under § 3802 or any other provision that would have caused § 3803(i)(2)(C) to have been relevant.

5

proper.[3] Nevertheless, the judicial review plaintiffs seek lies exclusively in the United States Court of Appeals for the Fifth Circuit.

III.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiffs be, and are hereby, dismissed for want of subject matter jurisdiction.

SIGNED June 2, 2008.

JOHN MCBRYDE
United States District Judge

---

[3] In the motion to dismiss, defendant argues that plaintiffs' petition for review is time-barred. Estoppel may apply to such an argument since plaintiffs appear to have prosecuted the action in this court based on defendant's erroneous advice. However, consideration at this time of defendant's statute of limitations argument would be inappropriate since the court has concluded that it does not have jurisdiction to hear this action.

6