U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 3 2008

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OLA PROPERTIES, INC., ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:07-CV-612-A |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | § § § § § | |
| Defendant. | § § | |

<u>ORDER WITHDRAWING MEMORANDUM OPINION AND ORDER AND FINAL JUDGMENT</u>
and
<u>ORDER OF TRANSFER</u>

By memorandum opinion and order and separate final judgment signed June 2, 2008, the court granted the motion of defendant, United States Department of Housing and Urban development, to dismiss the above-captioned action for want of subject matter jurisdiction. In the memorandum opinion and order, the court noted that plaintiffs, Ola Properties, Inc. and Afisu Olabimtan,[1] had not responded to defendant's motion although a response to such motion was due on May 27, 2008. After the court signed the memorandum opinion and order and final judgment, it received plaintiffs' response.

In the response, plaintiffs confirm the court's suspicion

---

[1] The court again notes that Ola Properties, Inc. may not be properly represented by counsel in this action. Afisu Olabimtan, owner of Ola Properties, Inc. is proceeding <u>pro se</u>. "The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel. . . . This is so even when the person seeking to represent the corporation is its president and major stockholder." <u>In re K. M. A., Inc.</u>, 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). Afisu Olabimtan has made no indication that he is a licensed attorney. If he is not, then he will likely be required to retain licensed counsel to represent Ola Properties, Inc.

that they had sought review in this court based on defendant's erroneous advice that they were entitled to seek judicial review pursuant to 31 U.S.C. § 3805. The court concluded that nothing in the record before the court would support a conclusion that such statute was applicable to this action. Plaintiffs further take the position that the above-captioned action should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, rather than dismissed.[2] The court finds that plaintiffs' action could have been brought in the United States Court of Appeals for the Fifth Circuit at the time it was filed in this court, and likely would have been but for defendant's erroneous advice. The court further finds that a transfer of this action to such court is in the interest of justice. Therefore,

The court ORDERS that the memorandum opinion and order and separate final judgment signed by the court on June 2, 2008, be, and are hereby, withdrawn; and

The court further ORDERS that the above-captioned action be, and is hereby, transferred to the United States Court of Appeals

---

[2]Such statute provides that:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

for the Fifth Circuit pursuant to the authority of 28 U.S.C. § 1631.

SIGNED June 3, 2008.

JOHN McBRYDE
United States District Judge